1  **McCARTHY & HOLTHUS, LLP**
   Matthew Podmenik, Esq. (SBN: 219364)
2  Charles E. Bell, Esq. (SBN: 256848)
   1770 Fourth Avenue
3  San Diego, CA 92101
   Telephone:  (619) 685-4800
4   Facsimile:  (619) 685-4811

5  Attorneys for Defendant,
   Aurora Loan Services, LLC

6

7

8              **UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 STEVE LINDER,                    | Case No.

11                      Plaintiff,  | Placer County Superior Court Case
   v.                               | No.: SCV26159
12
   AURORA LOAN SERVICES, LLC;       | **NOTICE OF REMOVAL**
13 HOMECOMINGS FINANCIAL, LLC;      | **[28 U.S.C. § 1446(d)]**
   ROGER O'KEEFE, individually;
14 UNION FIDELITY MORTGAGE,
   INC.; and DOES 1 through 100,
15 inclusive,

16                      Defendants.

17      TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

18 THE EASTERN DISTRICT OF CALIFORNIA:

19      Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant AURORA

20 LOAN SERVICES, LLC ("AURORA"), hereby removes this action from the

21 Superior Court of California, County of Placer, to the United States District Court

22 for the Eastern District of California, and states as follows:

23              **STATEMENT OF THE CASE**

24      1.    On November 20, 2009, an action was commenced in the Superior

25 Court of California, County of Placer, entitled *Steve Linder v. Aurora Loan*

26 *Services, LLC, et al.*, as Case No. SCV26159 (the "State Court Action"). True and

27 accurate copies of the Summons and Complaint in the State Court Action are

28 attached hereto as Exhibit "A."

*McCARTHY & HOLTHUS, LLP*
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

2.     The State Court Action was filed on November 20, 2009.  This Notice of Removal is being filed within 30 days of the filing of the Complaint and, thus, within 30 days of the date on which AURORA or any other Defendant could have been served in the State Court Action.  Removal, therefore, is timely in accord with 28 U.S.C. § 1446(b).

3.     The Complaint purports to assert ten Causes of Action, identified and /or generally alleged as follows: (1) "Violation of the Truth in Lending Act (15 U.S.C. § 1601, *et seq*.)"; (2) "Violation of California Rosenthal Act"; (3) "Negligence"; (4) "Violation of Real Estate Settlement Procedures Act (12 U.S.C. § 2605 *et seq*.)"; (5) "Breach of Fiduciary Duty"; (6) "Fraud"; (7) "Violations of California Business and Professions Code § 17200 *et seq*."; (8) "Breach of Contract"; (9) "Breach of Implied Covenant of Good Faith and Fair Dealing"; and (10) "Injunctive Relief."

## JURISDICTION

## FEDERAL QUESTION JURISDICTION

4.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331, because Plaintiff's claims arise under the laws of the United States.  The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983). Here, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. and its implementing regulations, 12 C.F.R. Part 226, *et seq*.; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.,* and its implementing regulations, 12 C.F.R. Part 226, *et seq*.  Accordingly, this case turns upon federal questions, and this Court has jurisdiction.

5.     Pursuant to 28 U.S.C. § 1367 (a), the Court has supplemental jurisdiction over Plaintiff's state and common law claims.  It is well settled that federal district courts have supplemental jurisdiction over state law claims that

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA09-52645

1  share a "common nucleus of operative facts" with a Federal claim. <u>City of Chicago</u>

2  <u>v. International College of Surgeons</u>, 522 U.S. 156, 164-65 (1997).  Plaintiff's state

3  and common law claims form part of the same case or controversy and,

4  accordingly, arise out of a common nucleus of operative facts.

5      6.    To the best of AURORA's and its counsel's knowledge, none of the

6  other parties to this action have been properly served.   Those named as Defendants,

7  including DOE Defendants, that have not been served need not join this Notice of

8  Removal. <u>Salveson v. Western States Bankcard Ass'n.</u>, 731 F.2d 1423, 1429 (9th

9  Cir. 1984) (The court in held that "a party not served need not be joined; the

10 defendants summonsed can only remove by themselves.")

**<u>CONCLUSION</u>**

By this Notice of Removal and the associated attachments, AURORA does

not waive any objections that they may have as to service, jurisdiction or venue, or

any other defenses or objections that they may have to this action.   AURORA

intends no admission of fact, law or liability by this Notice, and expressly reserves

all defenses motions and/or pleas.

WHEREFORE, Defendant AURORA, prays that the above action now

pending against it in the Superior Court of California, County of Placer, Case No.

SCV26159 be removed therefore to this Court.

Dated:  December 17, 2009              Respectfully submitted,
                                       **McCARTHY & HOLTHUS, LLP**


                        By:    /s/ Charles Bell
                               Charles E. Bell, Esq.
                               Attorneys for Defendant,
                               Aurora Loan Services, LLC.

**McCARTHY & HOLTHUS, LLP**
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

CA09-52645

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Aurora Loan Services, LLC; Homecomings Financial, LLC; Roger O'Keefe, individually; Union Fidelity Mortgage, Inc. and Does 1 - 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Steve Linder

F I L E D
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

NOV 2 0 2009

EXECUTIVE OFFICER & CLERK
By K. Alford, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Placer Superior Court, 10820 Justice Center Drive, Roseville, CA 95678 | CASE NUMBER:<br>*(Número del Caso):*<br>S CV 26159 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John S. Sargetis, SBN 080630, United Law Center, 3013 Douglas Blvd., Suite 200, Roseville, CA 367.0630

| DATE:<br>*(Fecha)* 11-20-09 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Aurora Loan Services, LLC

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):* 11/24/09

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

**DATE:** **March 16, 2010**
**TIME:** **10:00 A.M. If your case number starts with "S-CV"**
        **11:00 A.M. If your case number starts with "M-CV"**
**DEPT:** **40 - 10820 Justice Center Drive, Roseville, California**

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 916-408-6446 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 916-408-6000 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT **COURT CALL** TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY **COURT CALL** TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

1 │ JOHN S. SARGETIS SBN: 80630
2 │ STEPHEN J. FOONDOS SBN: 148982
   │ UNITED LAW CENTER
3 │ 3013 Douglas Blvd., Suite 200
   │ Roseville, CA 95661
4 │ Office: (916) 367-0630
   │ Facsimile:  (916) 265-9000
5 │ Attorneys for Plaintiff
6 │ Steve Lindner

F I L E D
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

NOV 2 0 2009

EXECUTIVE OFFICER & CLERK

By K. Alford, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

-ooOoo-

S CV 26159

| | |
|---|---|
| STEVE LINDER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AURORA LOAN SERVICES, LLC;<br>HOMECOMINGS FINANCIAL, LLC;<br>ROGER O'KEEFE, individually; UNION<br>FIDELITY MORTGAGE, INC. and DOES 1<br>through 100, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1601 et seq.)<br>2. VIOLATION OF CALIFORNIA ROSENTHAL ACT<br>3. NEGLIGENCE<br>4. VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (12 U.S.C. § 2605 et seq.)<br>5. BREACH OF FIDUCIARY DUTY<br>6. FRAUD<br>7. VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.<br>8. BREACH OF CONTRACT<br>9. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>10. INJUNCTIVE RELIEF |

Plaintiff Steve Linder ("Plaintiff"), by and through his counsel, for his Complaint for

Damages and Injunctive Relief against Defendants Aurora Loan Services, LLC ("Aurora"),  Roger

O'Keefe ("O'Keefe"), Homecomings Financial, LLC (Homecomings) Union Fidelity Mortgage, Inc. ("Union") alleges as follows:

## JURISDICTION AND VENUE

1.    This action asserts violations of federal statutes commonly known as the Truth In Lending Act ("TILA") (15 U.S.C. 1601 et seq.), the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. 2601 et seq.) and its implementing regulations, 12 C.F.R. Part 226, et seq. ("Regulation Z"), with additional causes of action under California state law.

2.    This Court has subject matter on the federal laws pursuant to 15 U.S.C. § 1640(e) which allows actions to be brought "in any United States District Court or in any other court of competent jurisdiction." These claims all arise out of the same controversy and sequence of events.

3.    Venue is proper in this Court since a substantial part of the events giving rise to the claims occurred in Placer County, California.

4.    This Court has personal jurisdiction over the parties as all Defendants engage in business within the State of California and County of Placer.

5.    Defendants, and each of them, regularly engage in business in the State of California and regularly provide mortgage loans and related services.

6.    Plaintiff brings this action against Defendants for damages and harm resulting from the Defendants' negligent, fraudulent and unlawful conduct as well as violations of federal and state laws concerning the residential mortgage loan transaction with the Plaintiff for the property located at 2632 Westview Drive, City of Lincoln, County of Placer, State of California (Property).

## PARTIES

7.    Defendants are entities engaged primarily in residential mortgage banking or lending or as brokers of home mortgage loans and related businesses.

8.    Defendants Homecomings is a Limited Liability Company doing business in California and was the lender of the loan which is the subject of this action.

9.    Defendant Aurora is a Limited Liability Company doing business in California and is the servicing company for defendant Homecomings.

10.     Defendant Union is a corporation doing business in California and the broker of the loan which is the subject of this action.

11.     Defendant O'Keefe is an employee of Union and the loan officer on the loan which is the subject of this action. Defendant O'Keefe was acting within the course and scope of his employment with Union in all aspects of the said loan.

12.     Defendants O'Keefe and Union were real estate Brokers licensed by the State of California Department of Real Estate, and the Broker of record of the said loan.

13.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the acts or omissions set forth in this action.

14.     Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, at all relevant times herein were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

GENERAL ALLEGATIONS

15.     This action arises out of loan related activity on the Property of which the Plaintiff is the rightful owner.

16.     Defendants O'Keefe and Union represented to Plaintiff the loan made by Homecomings was the best loan available on the market. Defendants knew or should have known that these representations were false and misleading since the loan was issued on false information of plaintiff's income and a false appraisal of the value of the Property.

17.     On information and belief defendants extended credit to Plaintiff without regard to his ability to pay, and falsified requisite income and appraisal information to get the loan approved.

18.     Plaintiff is informed and believes, and thereon alleges that Defendants have engaged in a pattern and practice of extending credit to consumers, Plaintiff included, under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

19.    The loan was also not in the best interest of Plaintiff since it was a negative amortization loan which has since been declared illegal in the State of California.

20.    When Plaintiff applied for the loan, he accurately described his income. Plaintiff is informed and believes and thereon alleges that defendants overstated his income and over appraised the Property for the loan application without his knowledge or permission. Plaintiff is informed and believes and thereon alleges that Defendants knew or should have known of the false information on the loan application but submitted and approved the loan anyway. Attached hereto as Exhibit "A" is an unsigned copy of the loan application.

21.    The said loan application was hidden from Plaintiff until the time he signed the loan documents and upon discovery informed O'Keefe and Union of the error in his income. Plaintiff lined out and inserted the correct amount of his income and signed next to the change. Nevertheless defendants had previously submitted the loan on the misstated income amount without Plaintiff's knowledge. Plaintiff is unaware whether O'Keefe submitted the corrected income information to Homecomings.

22.    Defendant O'Keefe further advised Plaintiff that when the loan rate and monthly payment adjusted in the future he would "not like the loan" but could simply refinance it into another loan. Defendants knew or should have known this representation was false and misleading. Defendants knew or should have known that these misrepresentations were designed to induce Plaintiff to accept the loan to his detriment on the false premise he could refinance the loan.

23.    On information and belief the loan was also fraudulent and in violation of state and federal laws for one or more of the following reasons:

**A. Excessive Fees.** Such fees include costs associated with the loan that are not directly reflected in the interest rates. As these fees are often financed rather than having to be paid up front, they are disguised or downplayed and borrowers often do not notice that these charges have been added to the total cost of their loan. With competitive loans, typically fees are less than 1% of the loan amount. With predatory loans, fees often total more than 5% of the loan amount.

**B. Abusive Prepayment Penalties.** This is a fee charged for paying off the loan early. Predatory prepayment penalties often are effective for over three years and cost more than 6 months' interest.

**C. Kickbacks to Brokers (yield spread premiums).** A broker's receipt of a kickback from the lender known as a 'yield spread premium'. The higher the interest rate, the more the more the broker is paid. The brokers are thus rewarded for making a loan more expensive to the borrower. Loans that include yield spread premiums cost the borrower money which becomes a large part of a broker's compensation. Mortgage brokers earn more on loans with yield spread premiums. Borrowers with loans that include yield spread premiums could have used a less expensive method to help pay closing costs.

**D. Unnecessary Products.** Borrowers pay more than necessary because lenders sell and finance unnecessary insurance or other products along with the loan.

**E. Mandatory Arbitration.** Loan contracts that require "mandatory arbitration," meaning that the borrowers are not allowed to seek legal remedies in a court if they find that their home is threatened by loans with illegal or abusive terms. Mandatory arbitration makes it much less likely that borrowers will receive fair and appropriate remedies in cases of wrongdoing. Borrowers are not notified that the arbitrator in a mandatory arbitration is not required to follow state law in making a decision and that the decision is not applicable.

**F. Steering & Targeting.** Brokers and lenders overcharge through 'interest rate steering' – setting rates on the basis of perceived financial sophistication rather than risk. Vulnerable borrowers are subjected to aggressive sales tactics and fraud. Borrowers with subprime mortgages could have qualified for loans with better terms.

**G. Making Loans the Borrower is Unable to Repay.** Making a loan without regard to the borrower's ability to repay. This involves lending based upon a borrower's home equity, their credit score or a loan in which the payments may increase where the borrower clearly did not have the capacity to repay the loan. The broker and lender knew or should have known will or had the likelihood of defaulting on the loan and should not have placed them in that loan.

**H. Over Valuation of Property.** The over valuation of property based on false appraisals to qualify for the loan.

**I. Over Statement of Income.** The over statement of the borrowers income on the loan application to qualify for the loan.

**J. Interest Only or Adjustable Loans.** Loans that only require interest only for a specified period and adjustable to a higher rate the Borrower is not able to pay.

**K. Negative Amortization Loans.** Loans in which the borrower is paying less than interest with the difference being added to the principal.

**L. Stated Income Loans.** Loans based on the broker and lender stating a particular income of the borrower as opposed to stating the borrowers true income. The broker and lender knew the borrower could not qualify for a loan based on the borrower's true income. The lender knew or should have known stated loans would be closed by broker to obtain large commissions and more clients.

24.    The facts surrounding this loan transaction were purposefully hidden to prevent Plaintiff from discovering the true nature of the transaction and the documents involved therein. On information and belief, facts surrounding this transaction continue to be hidden from the Plaintiff.

25.    On information and belief, Plaintiff alleges that Defendants regularly approved loans to unqualified borrowers and implemented unlawful lending practices. Further, Plaintiff alleges that Defendants employed brokers and loan officers who were paid commissions based on the volume of loans they sold to consumers, including Plaintiff's loan. Plaintiff alleges that Defendants loan officers received a greater commission or bonus for placing borrowers in loans with relatively high yield spread premiums. As such, borrowers, Plaintiff included, were steered and encouraged into loans with terms unfavorable to them, or loans which the borrowers, Plaintiff included, were not qualified to obtain.

26.    About April 2007, Plaintiff completed the said loan transaction on the Property. The terms of the loan were memorialized in a Promissory Note, which was secured by a Deed of Trust on the Property. The Deed of Trust identified Homecomings as the Lender.

27.    A Qualified Written Request under RESPA ("QWR" or "Request") will be mailed to Defendants. The QWR includes a demand to rescind the loan under the TILA provisions.

28.    Plaintiff's loan is subject to TILA provisions and its implementing regulations, 12 C.F.R. Part 226 ("Regulation Z").

29.    In connection with the said loan defendants violated TILA and RESPA laws as set forth hereinbelow.

30.    The misrepresentations and allegations stated herein were all discovered within the past year, such that any applicable statute of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other equitable principles.

## FIRST CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT

### 15 U.S.C. § 1601 et seq.

31.    Plaintiff incorporates here each and every allegation set forth above.

32.    Congress established statutory damages for violations of TILA's disclosures to ensure that consumers receive compensation for violations, regardless of whether they actually suffered any harm, and also to deter creditors from violating TILA and Regulation Z. The measure of statutory damages is twice the amount of the consumer's finance charge, subject to minimum and maximum recoveries. For closed-end loans secured by a consumer's real property or dwelling, the minimum and maximum amounts are $200 and $2,000, respectively.

33.    The sections of TILA to which statutory damages apply are:

A.    Section 1635, the right of rescission.

B.    All eight subsections of section 1637(a), which includes:

- disclosures involving the finance charge,
- the balance,
- periodic rates,
- other charges that can be imposed in a credit plan,
- security interests,

- consumer protections under 1666 and 1666i,
- creditor's responsibilities under sections 1666a and 1666i,
- and certain disclosures for open-end credit secured by a consumer's dwelling

C.     Section 1637(b), for failing to provide *any* of the following required information in the customer's billing statement:

- the amount of the finance charge;
- for credit with more than one periodic rate, the range of balances to which the rates apply;
- the annual percentage rate for the finance charge;
- the balance on which the finance charge is computed;
- the outstanding balance at the end of the account period;
- the date by which payment must be made; and
- the address used by the creditor for receiving billing inquires from the consumer

D.     Section 1638(a), for failing to make any of these required closed-end disclosures:

- the amount financed and the finance charge;
- the finance charge expressed as an annual percentage rate using that term (unless the amount financed is less than $75 and the finance charge does not exceed $5, or if the amount financed exceeds $75 and the finance charge does not exceed $7.50);
- the total paid (equaling the amount financed plus the finance charges);
- the number, amount, and due dates for payments scheduled to repay the total of payments; and
- a statement, for secured credit, that a security interest has been taken in the property purchased as part of the credit transaction or property not purchased as part of the credit transaction

34.     **High cost loans under section 1639 of TILA and section 32 of Regulation Z**. The concept of a high cost loan derives from the Home Ownership and Equity Protection Act of 1994, which Congress enacted to address predatory lending practices. This law amended TILA and provides added protection for high cost loans.

The definition of a high cost loan is one in which either

A.  the APR at consummation will exceed the yield on Treasury securities with comparable periods of maturity by more than eight percentage points for first lien loans,

B.  the APR at consummation will exceed the yield on Treasury securities with comparable periods of maturity by more than 10 percentage points for second lien loans, or

C. the total fees and points payable by the consumer at or before closing exceed the larger of $528 or eight percent of the total loan amount. Credit insurance premiums for insurance written in connection with the credit transaction are counted as fees.

35.    Loans qualifying as high cost are subject to restrictions, including prohibitions against:

- Balloon payments for loans with less than five-year terms, except for bridge loans of less than one year to buy or build a home
- Negative amortization
- The imposition of a higher interest rate if the borrower defaults
- A repayment schedule that consolidates more than two periodic payments to be paid in advance from the proceeds of the loan
- Prepayment penalties, including refunds of unearned interest calculated by any method less favorable than the actuarial method, except if the lender verifies that total monthly debt (including the mortgage) is 50 percent or less of the borrower's monthly gross income
- Due-on-demand clause, except for consumer fraud or material misrepresentation in connection with the loan or if the consumer defaults, or the consumer adversely affects the creditor's security
- Making loans based solely on the value of the collateral without regard to the borrower's ability to repay the loan
- Refinancing a high cost loan into another high cost loan within the first 12 months of origination, unless the new loan is in the borrower's best interest
- Wrongfully documenting a closed-end, high-cost loan as an open-end loan. For example, a high-cost mortgage cannot be structured as a home equity line of credit if the creditor has no reasonable expectation that repeat transactions will occur

36.    If a creditor violates any of its obligations under Section 1639 of TILA or section 32 of Regulation Z, it is liable for the sum of *all* finance charges and fees paid by the consumer, unless the creditor demonstrates that the failure to comply is not material. The limits on statutory damages discussed above do *not* apply to high cost loans. In addition, if the mortgage contains a provision that section 1639 specifically prohibits, including the ones listed above, the loan can be rescinded.

37.    The Loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

38.    More specifically, TILA grants consumers a three-day right to cancel certain residential mortgage loan transactions. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation

period begins upon the latter of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. (15 U.S.C. § 1635(a).) The "material disclosures" that must be provided to the consumer include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. (15 U.S.C. § 1602(u).)

39.    If the required notice of cancellation is not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three years after the date of the loan, or if the facts of the transaction were hidden from the consumer, three years from the date consumer discovered the hidden facts. (15 U.S.C. § 1635(0.) If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. (15 U.S.C. § 1641(c).)

40.    A consumer may exercise their right to cancel a transaction by delivering a written notification of the consumer's intent to rescind to the creditor's place of business. (12 C.F.R. § 226.23(a)(2).) The consumer's notice to rescind is effective upon mailing. The notice mailed to the agent servicing the loan is effective notice on the holder of the mortgage. (12 C.F.R. § 26.23(a)(2).)

41.    When a consumer rescinds a mortgage transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance or other charge. (15 U.S.C. § 1635(b).)

42.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).) The service of this lawsuit on defendants shall constitute said 20-day election to cancel the transaction.

43.    Defendants are a "creditor" as that term is defined by 15 U.S.C. §1602. The transaction between Plaintiff and Defendant was a consumer loan transaction wherein Defendant extended credit to the Plaintiff, and such credit was secured by an interest purportedly held by Defendant in the Property.

44.     As a consumer credit transaction, Defendant was required to provide Plaintiff with the mandatory TILA disclosure statements and the notice of the Plaintiffs' right to rescind, specifying the date on which the three-day rescission period expires.

45.     In the course of the loan transaction described herein, Defendants committed one or more violation of the above-stated TILA law, including but not limited to the violations described in the Report attached hereto as Exhibit "B".

46.     Defendants committed one or more of the following violations including but not limited to:

A.     **UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ.**

The mortgage documents were not given until after the settlement had taken place, and after the documents were signed which constitutes a false representation of the settlement agreement.

B.     **DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635, ET. SEQ.**

The credit transaction is governed by the disclosure requirements of Title 15 USC 1635. The UCC 1 lien applies to the transaction under revised Article 9 and to defendant because lien rights on the property arose in favor of defendant as a result of the transaction. Defendant failed and /or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice required or filing it before during or immediately after the settlement, as mandated under the Article.

C.     **MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ.**

Defendant failed and /or refused to meet the disclosure requirements of Section 1635, by not providing the notice/disclosure or filing it before during or immediately after the settlement, as required under this statute.

**D.    MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ.**

Defendant failed and /or refused to meet the disclosure requirements of Section 1638, by not providing the disclosure or causing its filing before during or immediately after the settlement, as required under this statute.

**E.    DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

The Federal Reserve Board Interpretation, Title 12 Code of Federal Regulations Part 226, Supplement I, Paragraph 23(a)(1), provides that in the present case the transaction is rescindable for reasons above and below stated.

The disclosures made in relation to the consumer credit transaction were not presented in the manner required by law. Furthermore, the disclosures were not grouped together and were not segregated from everything else as required by Title 12 Code of Federal Regulations, Section 226.17(a)(1) and in this case were not given at all.

**F.    RIGHT TO RESCIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

The right to rescind or cancel settlement document was unsigned by both parties, was not disclosed or given, as required by Title 12 Code of Federal Regulation, Section 226.18 et seq.

**G.    RIGHT TO CANCEL VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

There was no separate form to cancel, as required by Title 12 Code of Federal Regulation, Section 226 et seq.

**H.    DECEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

The interest disclosures were not given together with other information within the documents.

I.    **NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

No good faith estimate copy was received by Plaintiff, as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC 2601 et seq.

J.    **CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.**

A statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate was not given, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

K.    **DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 15 U.S.C. SECTION 1601, ET. SEQ. AND REGULATION Z**

Continued violation of the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as herein after more particularly set forth.

L.    **FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ.**

Failure to disclose in or with the disclosure statements, because no disclosure statements were given, the amount of the balance to which the rate was applied and an explanation of how that balance was determined and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made and payments as required by Title 12 Code of Federal Regulations, Section 226.4 et seq.

M.    **FAILURE TO DISCLOSE ITEMIZATION OF CHARGES, PURSUANT TO TITLE 12 USC 2610 ET SEQ.**

Defendant failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

**O.    INFLATION OF ACCELERATION FEES , IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.**

Plaintiff has inflated the acceleration fees without operation of law, which amounts to usurious interest, in violation of Banking Law at 12 USC 2610 et seq.

**P.    FAILURE TO DISCLOSE DATE, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.**

Failure to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

**Q.    FAILURE TO PROVIDE COPIES OF MORTGAGE, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ.**

Failure to give signed copies of the complete mortgage as required by 15 USC 1601 et seq. within a reasonable amount of time or never during the entire period of the Loan Agreement.

**R.    FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS , IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12, REGULATION Z, PART 226 ET. SEQ.**

Failure to give the required sentences in various loan documents and have signed by the Defendant, as required by 15 USC 1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

**S.    FAILURE TO DISCLOSE USE OF SETTLEMENT FEES IN VIOLATION OF TITLE 12, REGULATION Z AND 15 USC SECTION 1601, ET. SEQ.**

Failure to disclose the settlement fees could not be a part of the amount financed as required by Title 12, Regulation Z and 15 USC 1601 et seq.

**T.    FAILURE TO DISCLOSE LOWER INTEREST RATE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.**

Failure to disclose the loan obtained has an interest rate higher than the rate reflected in the Preliminary Disclosures and do not fall within the tolerances as required by 12 USC 2601 et seq.

**U.      FAILURE TO DISCLOSE LOAN ORIGINATION FEE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.**

Failure to disclose that the loan obtained required loan origination fees, whereas the Preliminary Disclosures reflected no such fees as required by 12 USC 2601 et seq.

**V.      FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z**

Failure to give the required 3 day cooling off period, as required by Regulation Z and 15 USC 1601 et seq.

**W.      FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18**

By reason of the foregoing, Defendant has failed to make the disclosures required by 15 USC 1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiff could keep as required by 15 USC 1601 et seq. and Title 12, Code of Federal Regulations, Section 226.18. As a proximate result of the foregoing, the Plaintiffs herein has the right to rescind the entire transaction.

**X.      FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18)**

Failure to give proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction as required by 12 USC 2601 et seq. and 15 USC 1601 et seq.

**Y.      VIOLATION FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4**

Failure to disclose beginning interest rates and the adjustable rate rider.

47.      Because of any one or more of the above stated violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction

pursuant to 15 § 1635(a) and (f) and 15 C.F.R. § 226.23(b)(5). Plaintiff hereby gives notice of rescission by and through this Complaint.

48.    Because of any one or more of the above stated violations, Defendant is liable to the Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a). Plaintiff is also entitled to the following:

(a)    rescission of the loan transaction;

(b)    an order requiring Defendants to take any and all actions necessary to terminate any security interest in the Property, and

(c)    a declaration by the Court that the security interest is void;

(d)    expungement of any and all foreclosure instruments, including but not limited, to any Notice of Default or Notice of Trustee's Sale relating to Plaintiff's Property from any public record; removal of any and all derogatory information reported to any and all credit reporting agency or bureau relating to the transaction involved herein;

(e)    the return to the Plaintiff of any money given by the Plaintiff to any of the Defendants in connection with the Loan transaction;

(f)    statutory damages;

(g)    costs and reasonable attorney's fees;

(h)    and such other relief as the Court may deem just and proper.

49.    As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

50.    Moreover, Defendants' misconduct was done in conscious disregard of Plaintiff rights, and was willful, malicious, and outrageous. Therefore, punitive damages are warranted and demanded.

51.    As a result of Defendants' conduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendant from taking any action to collect on the loan foreclosure and/or to transfer the Property.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA ROSENTHAL ACT**

**CALIFORNIA CIVIL CODE § 1788 et seq.**

52.     Plaintiff incorporates here each and every allegation set forth above.

53.     Plaintiff alleges that Defendants Aurora and Homecomings are debt collectors within the meaning of the Rosenthal Act in that they regularly, in the course of their business, on behalf or themselves or others, engage in the collection of debt.

54.     Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to the following: collecting on a debt not owed to the Defendants, making false reports to credit reporting agencies, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

55.     Defendants' actions have caused Plaintiff actual damages, including, but not limited to, severe emotional distress, such as frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness and depression.

56.     As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

57.     Plaintiff incorporates here each and every allegation set forth above.

58.     Plaintiff is informed and believes, and thereon alleges that Defendants owed a duty to the Plaintiff to perform acts as brokers and lender in such a manner as to not cause Plaintiff harm.

59.     Defendants breached their duty to the Plaintiff when they used their knowledge and skill to direct Plaintiff into a loan for which Plaintiff was not qualified or not in his best interests

based upon his income and the true value of the Property or in violation of the laws described herein.

60.    Plaintiff is informed and believes, and thereupon alleges that Defendants further breached their duty to Plaintiff by directing him into a loan transaction that he may not have otherwise qualified for by industry standards, resulting in excessive fees paid by the Plaintiff and payments in excess of Plaintiff ability to pay.

61.    Plaintiff is further informed and believes, and thereupon alleges that Defendants owed a duty to the Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Plaintiff is informed and believes, and thereupon alleges that Defendants breached their duty of care to the Plaintiff when they allowed Plaintiff to enter into said mortgage and note and failed to abide by TILA and RESPA laws.

62.    Further, Plaintiff is informed and believes, and thereupon alleges that Defendants breached their duty of care to Plaintiff when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiffs creditworthiness to various credit bureaus wrongfully.

63.    As a result of Defendants' negligence, Plaintiff suffered and continues to suffer harm, and is entitled to damages according to proof and/or other relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

### 12 U.S.C. § 2605 et seq.

64.    Plaintiff incorporates here each and every allegation set forth above.

65.    The Loan transaction between Plaintiff and Defendants is a mortgage loan subject to RESPA.

66.     A violation of RESPA is also made unlawful under California state law by Financial Code § 50505, which states: "[a]ny person who violates any provision of RESPA or any regulation promulgated thereunder, violates this division [California Residential Mortgage Lending Act]."

67.     Defendants violated RESPA at the time of the closing of the Loan subject to this Complaint by failing to correctly and accurately comply with one or more of the disclosure requirements provided therein.

68.     Plaintiff is informed and believes, and thereon alleges, that these Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

69.     As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, and costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

70.     Plaintiff incorporates here each and every allegation set forth above.

71.     Defendants were agents for the Plaintiff by express and implied contract and by operation of law.

72.     Plaintiff is informed and believes, and thereon alleges that Defendants directly ordered, authorized or participated in each others tortious conduct.

73.     Plaintiff employed Defendant O'Keefe and Union as his agents for the purpose of obtaining a loan to refinance the pre-existing loan for the Property.

74.     Pursuant to the written agreement between the parties, Defendants received compensation from the proceeds of the Loan.

75.     Defendants, by and through their agents, owed a fiduciary duty to the Plaintiff to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit at the expense of their principal, the Plaintiff.

76.     As Plaintiff's agents, Defendants owed Plaintiff a duty of loyalty and a duty to deal fairly with him at all times.

77.     Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining a mortgage loan for him that had unfavorable terms and that he could not ultimately afford, by not disclosing the negative consequences of said loan, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements by engaging in unfair business practices, and committing one or more of the acts stated herein.

78.     Defendants, each through their own action, interfered with their fiduciary obligations to Plaintiff by offering Defendants incentives to breach their fiduciary duty by means of creating and participating in a scheme that created an illusion to Plaintiff and consumers that they are being informed of all of the material facts related to their loan transaction and that said loan transaction was in compliance with all laws when in fact they are not.

79.     Plaintiff has been damaged as a result of Defendants' breach, and is entitled to general and actual damages.

80.     Defendants consciously disregarded Plaintiffs rights, deliberately breaching their respective fiduciary duties, showing willful misconduct, malice, fraud, wantonness, oppression and entire want of care, thus authorizing the imposition of punitive damages pursuant to California Civil Code § 3294.

### SIXTH CAUSE OF ACTION

### FRAUD

81.     Plaintiff incorporates here each and every allegation set forth above.

82.     The above-stated false representations and one or more violations of state and federal laws made by Defendants to Plaintiff at the inception of this transaction were designed to fraudulently induce Plaintiff to enter into this transaction.

83.     Defendants regularly trained, directed, authorized and/or participated with each other and with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers' trust.

84.    The material representations made by Defendants in connection with the said loan were false.

85.    Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth.

86.    Defendants intended that Plaintiff rely on these material representations.

87.    Plaintiff reasonably relied on said representations.

88.    As a result of Plaintiff reliance, he was harmed and suffered damages. Plaintiff's reliance on Defendants' false material representations was a substantial factor in causing Plaintiff harm.

89.    Defendants, and each of them, conspired together to perpetrate the fraud alleged herein.

90.    Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

91.    Plaintiff incorporates here each and every allegation set forth above.

92.    Plaintiff is informed and believes, that Defendants' acts, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

93.    As a result of Defendants' wrongful conduct, Plaintiff has suffered damages and injuries according to proof.

94.    Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

95.    Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

96.    Plaintiff incorporates here each and every allegation set forth above.

97.    Plaintiff entered into a written agreement with Defendant Union as the Broker and defendant Homecomings as the Lender.

98.    Plaintiff fully performed his duties under the contract with Defendants.

99.    Defendants breached their agreement with Plaintiff as set forth herein and by failing to exercise reasonable efforts and due diligence as promised resulting in Plaintiff entering into a loan that was not in his best interests.  Defendants also breached their agreement with Plaintiff by committing the acts stated herein, including but not limited to failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiff review prior to closing, and failing to explain the loan documents to the Plaintiff.

100.    As a result of Defendants' wrongful conduct, Plaintiff has suffered damages and injuries according to proof at trial.

101.    Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## NINTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

102.    Plaintiff incorporates here each and every allegation set forth above.

103.    A duty of good faith and fair dealing was implied by law into the contract at issue in this action at its inception. Defendants' duties of good faith and fair dealing included, but were not limited to, the following:

(1) Defendants had a duty to pay at least as much regard to Plaintiffs financial interests as to Defendants' financial interests;

(2) Defendants had a duty to comply with all applicable laws;

(3) Defendants agreed to act in good faith and deal fairly with Plaintiff when they brokered the loan and entered into the mortgage and accepted payments from Plaintiff.

Defendants thereby assumed obligations of good faith and fair dealing toward Plaintiff and thereby agreed to abide by such obligations.

104.    Nevertheless, Defendants breached the implied duty of good faith and fair dealing owed to Plaintiff by, among other things, performing acts and failing to act as alleged herein, and by failing to perform the duties specifically enumerated herein. Defendants further breached the duty of good faith and fair dealing by:

a.      Failing to pay at least as much in regards to Plaintiffs' interests as to Defendants' interests;

b.      Failing to disclose to Plaintiff the true nature of the loan that is the subject of this action;

c.      Failing to give Plaintiff the requisite notice and disclosures.

105.    In the absence of a reasonable basis for doing so, and with full knowledge and reckless disregard of the consequences, Defendants acted in bad faith toward Plaintiff by, among other things, failing to comply with all applicable laws.

106.    Plaintiff is informed and believes, and thereon alleges that Defendants have a pattern and practice of similar bad faith conduct toward other borrowers who are similarly situated.

107.    As a proximate result of Defendants' breaches of the covenant of good faith and fair dealing alleged herein, Plaintiff has suffered damages, incurred attorneys' fees and costs to recover the Property, suffered a loss of reputation and goodwill, suffered emotional distress, and suffered other economic losses and damages in an amount according to proof.

108.    Defendants pursued said course of conduct intentionally and maliciously and in conscious disregard of the rights of the Plaintiff.  In order to deter such conduct of Defendants in the

future, and to prevent repetition thereof as a practice, by way of punishment and as example, Plaintiff prays that exemplary damages be awarded according to proof at trial pursuant to California Civil Code § 3294.

**TENTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

109.    Plaintiff incorporates here each and every allegation set forth above.

110.    Plaintiffs have been and will be seriously injured unless Defendants collection and/or threatened foreclosure proceedings and other activities complained of are not preliminarily and permanently enjoined. Defendant will suffer irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages by ongoing collection activity on the loan or foreclosure proceedings against the Plaintiff's residence.

**PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff prays for judgment and order against Defendants, as follows:

1.    That judgment be entered in Plaintiff's favor and against Defendants, and each of them;

2.    For an order requiring Defendants to show cause, if they have any, why they should not be enjoined, during the pendency of the action from any activity associated with the collection of loan payments from Plaintiff or the institution of foreclosure proceedings;

3.    For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting or foreclosing on the subject Loan and from causing the Property to be sold, assigned or transferred to a third party;

4.    For an order stating that Defendants engaged in unfair business practices;

5.    For damages, disgorgement, and injunctive relief;

6.    For compensatory and statutory damages, attorneys' fees and costs according to proof at trial;

7.    For exemplary damages in an amount sufficient to punish Defendants' wrongful

conduct and deter future misconduct;

8.      Rescission of the entire Mortgage Deed of Trust and note amounting to clear title to Property with fixtures as a result of the aforementioned, and

9.      An amount not less than $200.00 and up to $2000.00, for each and every violation of federal law, and

10.     Damages for the Unfair and Deceptive Acts and Practices alw in the amount of $4000.00 for each and every violation, of federal law and

11.     Judgment against Plaintiff for return of the down payment, and other payments, as well as interest on the above amount, and

12.     Cost, of litigation, and;

14.     For such other and further relief as the Court may deem just and proper.

Dated:  November 20, 2009                    UNITED LAW CENTER
                                             A California Professional Law Corporation


                                  By:_____
                                             John S. Sargetis
                                             Attorney at Law

EXHIBIT A

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA    ☒ Conventional    ☐ Other (explain): ☐ FHA    ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|
| Amount $ 50,000.00 | Interest Rate 12.600 % | No. of Months 360 | Amortization Type: ☒ Fixed Rate   ☐ Other (explain): ☐ GPM   ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) 2632 Westview Drive, Lincoln, CA 95648 County: Placer | | No. of Units 1 |
|---|---|---|
| Legal Description of Subject Property (attach description if necessary) See preliminary title report | | Year Built |

| Purpose of Loan: ☐ Purchase    ☐ Construction    ☐ Other (explain): ☒ Refinance    ☐ Construction-Permanent | Property will be: ☒ Primary Residence    ☐ Secondary Residence    ☐ Investment |
|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |
|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made | |
|---|---|---|---|---|---|
| 1975 | $ 605,000.00 | $ 554,193.00 | Cash-out Debt Consolidation | Cost $ | |

| Title will be held in what Name(s) Steve Lindner | Manner in which Title will be held See Title Report | Estate will be held in: ☒ Fee Simple ☐ Leasehold (show expiration date) |
|---|---|---|

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| | Borrower's Name (include Jr. or Sr. if applicable) Steve Lindner | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number 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 | Home Phone (incl. area code) 916-543-0019 | DOB (MM/DD/YYYY) 02/20/1951 | Yrs. School 12 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) / / | Yrs. School |
|---|---|---|---|---|---|---|---|
| ☒ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | | Dependents (not listed by Co-Borrower) no. 0   ages | | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | | Dependents (not listed by Borrower) no.   ages | |
| Present Address (street, city, ZIP) ☒ Own ☐ Rent   No. Yrs. 31Y 2632 Westview Drive Lincoln, CA 95648 | | | | Present Address (street, city, ZIP) ☐ Own ☐ Rent   No. Yrs. | | | |
| Mailing Address, if different from Present Address 2632 Westview Drive Lincoln, CA 95648 | | | | Mailing Address, if different from Present Address | | | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer ☒ Self Employed All American Sweeping CO Inc 1911 Douglas Blvd 85 PMB 375 Roseville, CA 95661 | | Yrs. on this job 20Y Yrs. employed in this line of work/profession 20 | Name & Address of Employer ☐ Self Employed | Yrs. on this job Yrs. employed in this line of work/profession |
| Position/Title/Type of Business President/Owen/Sweeping Co | Business Phone (incl. area code) 916-483-2736 | | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer ☐ Self Employed | Dates (from-to) | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 15,300.00 | $ | $ 15,300.00 | Rent | $ | $ |
| Overtime | | | | First Mortgage (P&I) | 2,656.00 | 4,176.40 |
| Bonuses | | | | Other Financing (P&I) | 433.00 | 537.51 |
| Commissions | | | | Hazard Insurance | 106.42 | 106.42 |
| Dividends/Interest | | | | Real Estate Taxes | 669.98 | 669.98 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 15,300.00 | $ | $ 15,300.00 | Total | $ 3,865.40 | $ 5,490.31 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Described Other Income  Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed  [X] Jointly  [ ] Not Jointly

| ASSETS Description | Cash or Market, Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | LIABILITIES | | |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | WASHINGTON MUTUAL FA | *(2,652.00) | *(502,672.00) |
| | | PO BOX 1093 NORTHRIDGE, CA 91328 | | |
| | | Acct. no. 1560699064226 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | WSHNGTN MTL | *(433.00) | *(60,943.00) |
| | | PO BOX 91006 SEATTLE, WA 98111 | | |
| | | Acct. no. 100000000681641940 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | SAFE CREDIT UNION | *321.00 | *18,113.00 |
| | | 4636 WATT AVE NORTH HIGHLANDS, CA 95660 | | |
| | | Acct. no. 39533510 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Name and address of Bank, S&L, or Credit Union | | SACRAMENTO CREDIT UNIO | 504.00 | 14,710.00 |
| | | 800 H ST SACRAMENTO, CA 95814 | | |
| | | Acct. no. 865350400 | | |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | |
| Stocks & Bonds (Company name/number & description) | | SUNTERRA FINANCIAL SRV | *160.00 | *9,898.00 |
| | | 3865 W CHEYENNE AVE NORTH LAS VEGAS, NV 89032 | | |
| | | Acct. no. 703922 | | |
| | | Name and address of Company | $ Payment/Months | |
| Life insurance net cash value | $ | SAFE CREDIT UNION | *111.00 | *5,758.00 |
| Face amount: $ | | 4636 WATT AVE NORTH HIGHLANDS, CA 95660 | | |
| Subtotal Liquid Assets | $ | Acct. no. 39533500 | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 735,000.00 | Name and address of Company | $ Payment/Months | |
| Vested interest in retirement fund | $ | TNB - TARGET | 12.00 | 231.00 |
| Net worth of business(es) owned (attach financial statement) | $ | PO BOX 9745 MINNEAPOLIS, MN 55440 | | |
| Automobiles owned (make and year) | $ | Acct. no. 305291106 | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | | | | |
| funds from Refinance | 35,000.00 | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 516.00 | |
| Total Assets a. | 770,000.00 | Net Worth (a minus b) $ 721,290.00 | Total Liabilities b. $ | 48,710.00 |

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 2632 Westview Drive Lincoln, CA 95648 | SFR | $ 735,000.00 | $ 563,615.00 | $ | $ 3,085.00 | $ Incl | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ 735,000.00 | $ 563,615.00 | $ | $ 3,085.00 | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase Price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 597,384.00 |
| e. Estimated prepaid items | 385.00 |
| f. Estimated closing costs | 1,848.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 599,617.00 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
|   New First Mortgage | 576,000.00 |
|   CC from 1st | -10,619.33 |
| | |
| | |
| | |
| | |
| | |
| | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 50,000.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 50,000.00 |
| p. Cash from / to Borrower (subtract j, k, l & o from i) | -15,763.67 |

## VIII. DECLARATIONS

| If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Borrower Yes | Borrower No | Co-Borrower Yes | Co-Borrower No |
|---|---|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ | ☒ | ☐ | ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☒ | ☐ | ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☒ | ☐ | ☐ |
| d. Are you a party to a lawsuit? | ☐ | ☒ | ☐ | ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☒ | ☐ | ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☒ | ☐ | ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☒ | ☐ | ☐ |
| h. Is any part of the down payment borrowed? | ☐ | ☒ | ☐ | ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☒ | ☐ | ☐ |
| j. Are you a U.S. citizen? | ☒ | ☐ | ☐ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☒ | ☐ | ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question below. | ☒ | ☐ | ☐ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☒ | ☐ | ☐ | ☐ |
| (1) What type of property did you own – principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home – solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges, that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER ☐ I do not wish to furnish this information. | CO-BORROWER ☐ I do not wish to furnish this information. |
|---|---|
| Ethnicity: ☐ Hispanic or Latino  ☒ Not Hispanic or Latino | Ethnicity: ☐ Hispanic or Latino  ☐ Not Hispanic or Latino |
| Race: ☐ American Indian or Alaska native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☒ White | Race: ☐ American Indian or Alaska native  ☐ Asian  ☐ Black or African American  ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| Sex: ☐ Female  ☒ Male | Sex: ☐ Female  ☐ Male |

| To be Completed by Interviewer This application was taken by: ☐ Face-to-face interview ☐ Mail ☒ Telephone ☐ Internet | Interviewer's Name (print or type) Roger O'Keefe | Name and Address of Interviewer's Employer Union Fidelity Mortgage 7979 Ivanhoe Avenue Suite 300 La Jolla, CA 92037 (P) 800-230-7511 (F) 858-456-1685 |
|---|---|---|
| | Interviewer's Signature    Date | |
| | Interviewer's Phone Number (incl. area code) 800-230-7511 x164 | |

Freddie Mac 65 01/04      Page 3 of 4      Fannie Mae Form 1003 01/04
Steve Lindner
1003 Page 3 03/05 – Encompass™ from Ellie Mae – www.elliemae.com

# Union Fidelity Mortgage

## Continuation Sheet/Residential Loan Application

| | |
|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. | Borrower: Steve Lindner |
| | Co-Borrower: |

| Agency Case Number: |
|---|
| Lender Case Number: |

## VI. ASSETS AND LIABILITIES

| Assets | Cash or Market Value | Liabilities | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. No. | $ | Acct. No. | | |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | | X | |

EXHIBIT B

Main Menu  |  e-Help  |  Support  |  Sign Out

September 11, 2009  |  Mortgage Loan  |  HELOC  |  Find Existing Audit  |  Management Reports  |
AutoBatch™ Validation Tool  |  AutoBatch™



## MORTGAGE COMPLIANCE ANALYSIS REPORT

| | | | |
|---|---|---|---|
| **CE ID:** | 4J702IV68E | **Client Name:** | United Law Center |
| **User Name:** | Carrie Perotti | **Lender Loan Number:** | REDACTED |
| **Product Name:** | ComplianceAnalyzer® | | |
| **Report Type:** | Post-Close Mortgage Loan | **Borrower Name:** | Steve Linder |
| **Report Date / Time:** | 09/11/2009 11:31AM (PDT) | **Property Address:** | 2632 Westview Drive |
| **Report Version:** | 1 | | Lincoln, CA 95648 |

| RiskIndicator | HOEPA | TILA | RESPA | State & Local Predatory | State Regs | Exceptions | Investor / Custom |
|---|---|---|---|---|---|---|---|
| Moderate | ✓ | ✗ | ✓ | ✓ | | | |

## FINDINGS DETAIL

### Federal TILA

**This loan failed the TILA finance charge test. (12 CFR § 226.18(d)(1))**
The finance charge is $143,850.49. The disclosed finance charge of $102,711.72 is not considered accurate because it is understated by more than $100.    **FAIL**

**This loan failed the TILA rescission finance charge test. (12 CFR § 226.23(g)(1))**
The finance charge is $143,850.49. The disclosed finance charge of $102,711.72 is not considered accurate for purposes of rescission because it is understated by more than 1/2 of 1 percent of the face amount of the note or $100, whichever is greater.    **FAIL**

**This loan failed the TILA APR test. (12 CFR § 226.22(a)(2),(4))**
The annual percentage rate (APR) is 12.666%. The disclosed APR of 11.408% is not considered accurate because it is more than 1/8 of 1 percentage point above or below the APR as determined in accordance with the actuarial method.    **FAIL**



**UNITED LAW CENTER**
A Professional Law Corporation

## ■ MORTGAGE COMPLIANCE ANALYSIS REPORT

| | | | |
|---|---|---|---|
| **ID:** | 4J702N68E | **Prepared for:** | Unietd Law Center |
| **Report Type:** | Post-Close Mortgage Loan | **Borrower Name:** | Steve Linder |
| **Report Date / Time:** | 09/11/2009 11:31AM (PDT) | **Property Address:** | 2632 Westview Drive |
| **Report Version:** | 1 | | Lincoln, CA 95648 |

| RiskIndicator | HOEPA | TILA | RESPA | State & Local Predatory | State Regs | Exceptions | Investor / Custom |
|---|---|---|---|---|---|---|---|
| **MODERATE** | ✓ | ✗ | PASS | ✓ | PASS | EXPS | PASS |

## ▓ FINDINGS SUMMARY

### Federal HOEPA (Section 32)

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| HOEPA Higher-Priced Mortgage Loan: | NOT TESTED | | | |
| HOEPA Higher-Priced Mortgage Loan Prepayment Term Test: | N/A | | | |
| HOEPA High Cost Mortgage APR Threshold Test: | PASS | 12.666% | 12.690% | -0.024% |
| HOEPA Points and Fees High Cost Mortgage Threshold Test: | PASS | $2,659.16 | $3,972.77 | -$1,313.61 |
| HOEPA High Cost Mortgage: | NO | | | |
| HOEPA High Cost Mortgage Timing of Disclosure Test: | N/A | | | |
| HOEPA High Cost Mortgage Balloon Payment Test: | N/A | | | |
| HOEPA High Cost Mortgage Negative Amortization Test: | N/A | | | |
| HOEPA High Cost Mortgage Prepayment Term Test: | N/A | | | |

### Federal TILA

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| TILA Finance Charge Test: | FAIL | $102,711.72 | $143,850.49 | -$41,138.77 |
| TILA Rescission Finance Charge Test: | FAIL | $102,711.72 | $143,850.49 | -$41,138.77 |
| TILA Foreclosure Rescission Finance Charge Test: | NOT TESTED | | | |
| TILA APR Test: | FAIL | 11.408% | 12.666% | -1.258% |
| TILA Right of Rescission Test: | PASS | | | |
| Initial TIL Disclosure Date Test: | N/A | | | |

### Federal RESPA

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| RESPA GFE Disclosure Date Test: | NOT TESTED | | | |

## CA AB 489/344 (Division 1.6 of the Financial Code)

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| CA AB 489/344 Consumer Loan: | YES | | | |
| CA AB 489/344 Consumer Loan Single Premium Credit Insurance Test: | PASS | | | |
| CA AB 489/344 Covered Loan APR Threshold Test: | PASS | 12.666% | 12.690% | -0.024% |
| CA AB 489/344 Covered Loan Points and Fees Threshold Test: | PASS | $2,659.16 | $2,979.58 | -$320.42 |
| CA AB 489/344 Covered Loan: | NO | | | |
| CA AB 489/344 Covered Loan Prepayment Term Test: | N/A | | | |
| CA AB 489/344 Covered Loan Balloon Payment Test: | N/A | | | |
| CA AB 489/344 Covered Loan Subordinate Lien Negative Amortization Test: | N/A | | | |
| CA AB 489/344 Covered Loan DTI Presumption Test: | N/A | | | |
| CA AB 489/344 Covered Loan Financing of Points and Fees Test: | N/A | | | |

## State Regulations

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| Tests pertaining to State Regulations were not performed. | NOT PERFORMED | | | |

## State Regulations Restricted Fees

| | Result | Loan Data | Comparison Data | Variance |
|---|---|---|---|---|
| Tests pertaining to State Regulations Restricted Fees were not performed. | NOT PERFORMED | | | |

## INDEX

| Name | Term | Yield | Date |
|---|---|---|---|
| Treasury Security | 30 Year | 4.690% | 03/15/2007 |

**▌TIL SUMMARY**

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments |
|---|---|---|---|
| 12.666% | | | |
| **Interest Rate** | $143,850.49 | $49,659.61 | $193,510.10 |
| 12.600% | | | |

## Payment Schedule

| Number of Payments | Amount of Payments |
|---|---|
| 359 | $537.51 |
| 1 | $544.01 |

**Amortization Schedule**

## ◼ FINDINGS DETAIL

### Federal HOEPA (Section 32)

| | |
|---|---|
| This loan is not tested against the HOEPA higher-priced mortgage loan threshold due to one of the following reasons: | NOT TESTED |

- The rate lock date was not provided; or
- The loan is an adjustable rate mortgage and does not contain information on when the first rate adjustment will occur.

ComplianceAnalyzer cannot determine whether this loan is a HOEPA higher-priced mortgage loan, as defined in Regulation Z, without this information.

| | |
|---|---|
| The HOEPA higher-priced mortgage loan prepayment term test is not applicable to this loan. (12 CFR §226.35(a)(3), (b)(2) as enacted in 2008)<br>The loan is not a higher-priced mortgage loan. | N/A |
| This loan passed the HOEPA high cost mortgage APR threshold test. (12 CFR §226.32(a)(1)(i) as enacted in 1995, and amended in 2001)<br>The annual percentage rate (APR) at consummation is 12.666%, which does not exceed the yield of 4.690%, as of March 15, 2007 on 30 year Treasury securities (the Treasury securities having comparable periods of maturity), plus 8.000 percentage points. The yield is as of the fifteenth day of the month immediately preceding the month of the application for extension of credit, which was received by the creditor on April 3, 2007. | PASS |
| This loan passed the HOEPA high cost mortgage points and fees threshold test. (12 CFR §226.32(a)(1)(ii) as enacted in 1995, and amended in 2001)<br>The total points and fees payable by the consumer at or before loan closing is $2,659.16, which does not exceed the greater of 8 percent of the "total loan amount" (as defined in the official commentary to paragraph 32(a)(1)(ii)), or $547.00. | PASS |
| High Cost Mortgage (12 CFR §226.32(a)(1)(i), (ii) as enacted in 1995, and amended in 2001) (12 CFR §226.2 as enacted in 1995)<br>The loan is not a high cost mortgage due to one of the following findings: | NO |

- The loan passed both the high cost mortgage APR threshold test and the high cost mortgage points and fees threshold test; or
- The loan is a residential mortgage transaction.

| | |
|---|---|
| The timing of disclosure test is not applicable to this loan due to one or more of the following findings: (12 CFR §226.31(c) as enacted in 1995) (12 CFR §226.32(a) as enacted in 1995) | N/A |

- Pre-close audits do not pertain to the consummation of a loan.
- The loan is not a high cost mortgage.

| | |
|---|---|
| The balloon payment test is not applicable to this loan. (12 CFR §226.32(a) as enacted in 1995)<br>The loan is not a high cost mortgage. | N/A |
| The negative amortization test is not applicable to this loan. (12 CFR §226.32(a) as enacted in 1995)<br>The loan is not a high cost mortgage. | N/A |
| The prepayment term test is not applicable to this loan. (12 CFR §226.32(a) as enacted in 1995)<br>The loan is not a high cost mortgage. | N/A |

### Federal TILA

| | |
|---|---|
| This loan failed the TILA finance charge test. (12 CFR § 226.18(d)(1))<br>The finance charge is $143,850.49. The disclosed finance charge of $102,711.72 is not considered accurate because it is understated by more than $100. | FAIL |

| | |
|---|---|
| This loan failed the TILA rescission finance charge test. **(12 CFR § 226.23(g)(1))** <br> The finance charge is $143,850.49. The disclosed finance charge of $102,711.72 is not considered accurate for purposes of rescission because it is understated by more than 1/2 of 1 percent of the face amount of the note or $100, whichever is greater. | **FAIL** |
| This loan was not tested against the TILA foreclosure rescission finance charge test due to one or more of the following findings: **(12 CFR §226.23(h))** <br><br> • A disclosed finance charge was not provided; or <br> • Your company settings are not configured to run the TILA *foreclosure* rescission finance charge test as part of an audit report. | **NOT TESTED** |
| This loan failed the TILA APR test. **(12 CFR § 226.22(a)(2),(4))** <br> The annual percentage rate (APR) is 12.666%. The disclosed APR of 11.408% is not considered accurate because it is more than 1/8 of 1 percentage point above or below the APR as determined in accordance with the actuarial method. | **FAIL** |
| This loan passed the TILA right of rescission test. <br> **Closed-end (12 CFR § 226.23(a)(3)), Open-end (12 CFR § 226.15(a)(3))** <br> The funding date is not before the third business day following consummation. <br><br> The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by 12 CFR §226.23 or §226.15, or delivery of all material disclosures, whichever occurs last. | **PASS** |
| The initial TIL disclosure date test does not apply to this loan due to one of the following: <br> **Closed-end (12 CFR §226.17(b)), Open-end (12 CFR §226.5b(1))** <br><br> • The application date of the loan is on or after July 30, 2009, and the loan is not a mortgage transaction subject to the Real Estate Settlement Procedures Act (12 U.S.C. 2601 et seq.) that is secured by the consumer's dwelling; or <br> • The application date of the loan is before July 30, 2009, and the loan is not a "residential mortgage transaction" subject to the Real Estate Settlement Procedures Act (RESPA). | **N/A** |

## Federal RESPA

| | |
|---|---|
| This loan was not tested against the Good Faith Estimate disclosure date test. <br> A Good Faith Estimate disclosure date was not provided. | **NOT TESTED** |

## CA AB 489/344 (Division 1.6 of the Financial Code)

| | |
|---|---|
| Consumer Loan **(CA AB 344 §1 [CA FC §4970(d)])** <br> The loan is a consumer loan, as defined in the legislation, due to all of the following findings: <br><br> • The loan is secured by a property intended to be used as the principal dwelling of the consumer. <br> • The loan is secured by property improved by a one-to-four residential unit. <br> • The loan is not a bridge loan, as defined in the legislation. | **YES** |
| This loan passed the single premium credit insurance test. **(CA AB 344 §9 [CA FC §4979.7])** <br> The consumer loan does not finance credit life, credit disability, credit property, or credit unemployment insurance premiums, or debt cancellation or suspension agreement fees. | **PASS** |
| This loan passed the APR threshold test. **(CA AB 344 §1 [CA FC §4970(b)(1)(A)])** <br> The annual percentage rate at consummation does not exceed by more than 8% points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month of the application date. | **PASS** |
| This loan passed the points and fees threshold test. **(CA AB 344 §1 [CA FC §4970(b)(1)(B)])** <br> The total points and fees, as defined in the legislation, do not exceed 6% of the total loan amount, as defined in HOEPA (Section 32). | **PASS** |
| Covered Loan **(CA AB 344 §1 [CA FC §4970(b)])** <br> The loan is not a covered loan, as defined in the legislation, due to one or more of the following findings: | **NO** |

- The loan is not a consumer loan, as defined in the legislation.
- The loan does not exceed either the APR threshold or the points and fees threshold.
- If the latest available closing date is before January 1, 2006, the original principal balance of the loan does exceed $250,000.
- If the latest available closing date is on or after January 1, 2006, the original principal balance of the loan does exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association ($417,000.00).

| | |
|---|---|
| **The prepayment term test is not applicable to this loan. (CA AB 344 §2 [CA FC §4973(a)(1)])**<br>The loan is not a covered loan, as defined in the legislation. | N/A |
| **The balloon payment test is not applicable to this loan. (CA AB 344 §2 [CA FC §4973(b)(1)])**<br>The loan is not a covered loan, as defined in the legislation. | N/A |
| **The subordinate lien negative amortization test is not applicable to this loan. (CA AB 344 §2 [CA FC §4973(c)])**<br>The loan is not a covered loan, as defined in the legislation. | N/A |
| **The DTI presumption test is not applicable to this loan. (CA AB 344 §2 [CA FC §4973(f)(1)])**<br>The loan is not a covered loan, as defined in the legislation. | N/A |
| **The financing of points and fees test is not applicable to this loan. (CA AB 489 [CA FC §4979.6])**<br>The loan is not a covered loan, as defined in the legislation. | N/A |

## State Regulations

| | |
|---|---|
| Tests pertaining to State Regulations were not performed.<br>No state license was selected for the loan. | NOT PERFORMED |

## State Regulations Restricted Fees

| | |
|---|---|
| Tests pertaining to State Regulations Restricted Fees were not performed.<br>No state license was selected for the loan. | NOT PERFORMED |

## ▌ LOAN DETAIL

## Client

| | | | |
|---|---|---|---|
| **ID:** | 4J702IV68E | **Prepared for:** | Unietd Law Center |
| **Report Type:** | Post-Close Mortgage Loan | | |

## Lender

| | | | |
|---|---|---|---|
| **Lender Name:** | Homecomings | : | |
| | | : | |
| **Originator Name:** | Roger Okeefe | : | |
| **MIN:** | | : | |
| **License Type:** | Not Configured | | |
| **DIDMCA Exempt:** | No | | |
| **HUD Approved Lender:** | Not Configured | | |

## Investor

| | |
|---|---|
| **Default:** | ☑ |
| **Investor Criteria:** | |

## Borrower

| | | | |
|---|---|---|---|
| **First Name:** | Steve | **Last Name:** | Linder |
| **Total Income:** | $15,300.00 / month | **DTI Ratio:** | 3.000 % |

## Property

**Address:**

| Number | Street Name | Type (St, Ave, etc.) | Direction | Unit # |
|---|---|---|---|---|
| 2632 | Westview | Drive | | |
| City | County | State | Zip | |
| Lincoln | | CA | 95648 | |

| | | | |
|---|---|---|---|
| **Type:** | Detached SFD | | |
| **Occupancy:** | Primary Residence | **Number of Units:** | 1 |

## Loan Information

| | | | |
|---|---|---|---|
| **Loan Amount:** (exclude PMI, MIP, Funding Fee financed) | $50,000.00 | **Loan Amount:** (with Finance Charge) | $50,000.00 |
| **Program Type:** | Fixed | **Interest Rate:** | 12.600 % |
| **Loan Purpose:** | Refinance | **Undiscounted Rate:** | % |
| **Purpose of Refinance:** | Cash-Out/Debt Consolidation | **Disclosed APR:** | 11.408 % |
| **Refinancing Portfolio Loan:** | No | **Disclosed Finance Charge:** | $102,711.72 |
| **LTV Ratio:** | 7.000 % | **Irregular Payment Transaction:** | No |
| **CLTV Ratio:** | 7.000 % | **Maturity Term:** | 360 months |
| **Loan Type:** | Conventional | **Amortization Term:** | 360 months |
| **Lien Type:** | First Mortgage | **Late Charges:** | 5.000 % |
| **Document Type:** | No Income Verification | **Grace Period:** | 15 days |

## Prepayment Penalty

| | |
|---|---|
| **Program Name:** | Not Provided |
| **Prepayment Penalty Program:** | Not Provided |

| Prepayment Term: | 0 months | | Max. Prepayment Penalty Amount: (for high-cost points & fees) | $ |
|---|---|---|---|---|

## Construction / Construction to Permanent

| Rate: | % | Construction Term: | months |
|---|---|---|---|
| Estimate Interest on: | Amount Advanced | Interest Reserve: | $ |

## Adjustable Rate Mortgage

| ARM Margin: | % | First Adjustment: | Cap % | Period months |
|---|---|---|---|---|
| ARM Index: | % | Subsequent Adjustment: | Cap % | Period months |
| Ceiling: | % | | | |
| Floor: | % | Adjustment Rounding: | Round nearest 1/8 | |

## Graduated Payment Mortgage

| Rate: | % | Term: | years |
|---|---|---|---|

## Potential Negative Amortization (Option ARM)    Buydown

| Negative Amortization Type | None | 1. Rate: | % | Term months |
|---|---|---|---|---|
| | | 2. Rate: | % | Term months |
| | | 3. Rate: | % | Term months |
| | | 4. Rate: | % | Term months |
| | | 5. Rate: | % | Term months |

## Interest Only (excluding Negative Amortization and Dual Amortization Option ARM)

| | | Initial Amortization | Term months  Period months |
|---|---|---|---|
| Term: | months | Subsequent Amortization | Term months  Period months |

## Mortgage Insurance (PMI)

| Upfront Premium: | | | Monthly Premium (Initial): | |
|---|---|---|---|---|
| % | or $ | Prepaid Finance Charge ☐ | % | or $  Period months |
| Cash/Credit $ | | | Monthly Premium (Renew): | |
| Financed $0.00 | | | % | or $  Period months |
| | | | | Cancel at % |
| Adjust Payments Due to Upfront months Premium | | | Calculate Premiums Using Loan Amount | |
| | | | Cancel At Midpoint ☐ | |

## Dates

| Application Date: | 04/03/2007 | Closing / Settlement Date: | 04/03/2007 |
|---|---|---|---|
| Initial GFE Disclosure Date: | | Funding / Disbursement Date: | 04/10/2007 |
| Initial TIL Disclosure Date: | | Rate Lock Date: | |
| Sec. 32 (HOEPA) Disclosure Date: | | | |

## 800: Items payable in connection with loan

| | | | Prepaid Finance Charge | Financed By Lender | Compensation To |
|---|---|---|---|---|---|
| 801 | Loan Origination Fee: | $1,853.00 | ☐ | ☑ | |

| | | | | |
|---|---|---|---|---|
| 802 | Loan Discount Fee: | $ | Bona Fide - GSE ☐<br>Bona Fide - State ☐ | ☐ ☐ |
| 803 | Appraisal Fee: | $ | ☐ | ☐ |
| 804 | Credit Report Fee: | $21.16 | ☑ | ☐ |
| 805 | Lender Inspection Fee (performed prior to closing): | $ | ☐ | ☐ |
| | Lender Inspection Fee (performed post closing): | $ | ☐ | ☐ |
| 806 | Mortgage Insurance Application Fee: | $ | ☐ | ☐ |
| 807 | Assumption Fee: | $ | ☐ | ☐ |
| | Modification Fee: | $ | ☐ | ☐ |
| | Tie-in Fee: | $ | ☐ | ☐ |
| | Mortgage Broker Fee (Direct): | $ | ☐ | ☐ |
| | Mortgage Broker Fee (Indirect / POC): | $4,439.00 | | |
| | Yield Spread Premium (Indirect / POC): | $ | | |
| | CLO Access Fee: | $ | ☐ | ☐ |
| | Application Fee: | $908.48 | ☐ | ☑ |
| | Rate Lock Fee: | $ | ☐ | ☐ |
| | Commitment Fee: | $ | ☐ | ☐ |
| | Processing Fee: | $ | ☐ | ☐ |
| | Underwriting Fee: | $ | ☐ | ☐ |
| | Administration Fee: | $ | ☐ | ☐ |
| | Appraisal Review Fee: | $ | ☐ | ☐ |
| | Appraisal Re-Inspection Fee: | $ | ☐ | ☐ |
| | Flood Determination - Initial Fee: | $ | ☐ | ☐ |
| | Flood Determination - Life of Loan Fee: | $ | ☐ | ☐ |
| | Document Preparation Fee: | $ | ☐ | ☐ |
| | Document Signing Fee: | $ | ☐ | ☐ |
| | Courier / Messenger Fee: | $ | ☐ | ☐ |
| | Tax Related Service Fee: | $ | ☐ | ☐ |
| | Wire Transfer Fee: | $ | ☐ | ☐ |
| | Warehousing Fee: | $ | ☐ | ☐ |
| | Advance Mortgage Payments: | $ | ☐ | ☐ |
| | Credit Life Insurance Premium: | $ | ☐ | ☐ |
| | Accident Insurance Premium: | $ | ☐ | ☐ |
| | Health Insurance Premium: | $ | ☐ | ☐ |
| | Loss of Income Insurance Premium: | $ | ☐ | ☐ |
| | Debt Cancellation Fee: | $ | ☐ | ☐ |
| | Prepayment Penalty: | $ | ☐ | ☐ |
| | Compliance Audit / Quality Control Fee: | $ | ☐ | ☐ |
| | Seller-Paid Points and Fees: | $ | | |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |
| | | $ | ☐ | ☐ |

## 900: Items required by lender to be paid in advance

Prepaid    Financed    Compensation

| | | | Finance Charge | By Lender | To |
|---|---|---|---|---|---|
| 901 | Interest: | $ 319.23 for 6 day(s) | ☑ | ☐ | |
| 902 | Mortgage Insurance Premium: | $ | ☐ | ☐ | |
| 903 | Hazard Insurance Premium: | $ | ☐ | ☐ | |
| | County Property Taxes: | $ | ☐ | ☐ | |
| | Flood Insurance Premium: | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |

## 1000: Reserves deposited with lender

| | | | Prepaid Finance Charge | Financed By Lender | Compensation To |
|---|---|---|---|---|---|
| 1001 | Hazard Insurance Reserve: | $ | ☐ | ☐ | |
| 1002 | Mortgage Insurance Reserve: | $ | ☐ | ☐ | |
| 1003 | City Property Taxes Reserve: | $ | ☐ | ☐ | |
| 1004 | County Property Taxes Reserve: | $ | ☐ | ☐ | |
| 1005 | Annual Assessments: | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |

## 1100: Title Charges

| | | | Prepaid Finance Charge | Financed By Lender | Compensation To |
|---|---|---|---|---|---|
| 1101 | Settlement / Closing / Escrow Fee: | $ 785.00 | ☐ | ☐ | |
| 1102 | Abstract / Title Search Fee: | $ | ☐ | ☐ | |
| 1103 | Title Examination Fee: | $ | ☐ | ☐ | |
| 1104 | Title Insurance Binder Fee: | $ 1,384.00 | ☐ | ☐ | |
| 1105 | Title Document Preparation Fee: | $ | ☐ | ☐ | |
| 1106 | Notary Fee: | $ 225.00 | ☐ | ☐ | |
| 1107 | Attorney's Fee: | $ Excludable due to borrower choice ☐ | ☐ | ☐ | |
| | Attorney's Fee (Other): | $ Excludable due to borrower choice ☐ | ☐ | ☐ | |
| 1108 | Title Insurance: | $ | ☐ | ☐ | |
| 1109 | Lender's Coverage: | $ | ☐ | ☐ | |
| 1110 | Owner's Coverage: | $ | ☐ | ☐ | |
| | Assignment Endorsement Fee: | $ | ☐ | ☐ | |
| | Sub-Escrow Fee: | $ | ☐ | ☐ | |
| | Reconveyance Fee: | $ | ☐ | ☐ | |
| | Title Courier Fee: | $ | ☐ | ☐ | |
| | Funding, Wire, or Disbursement Fee: | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |
| | | $ | ☐ | ☐ | |

|  |  | $ | ☐ | ☐ |
|---|---|---|---|---|

## 1200: Government Recording and Transfer Charges

|  |  |  | Prepaid Finance Charge | Financed By Lender | Compensation To |
|---|---|---|---|---|---|
| 1201 | Recording Fee: | $119.00 | ☐ | ☑ |  |
| 1202 | City / County / Tax / Stamps: | $ | ☐ | ☐ |  |
| 1203 | State Tax / Stamps: | $5.00 | ☐ | ☑ |  |
|  | Subordination Recording Fee: | $ | ☐ | ☐ |  |
|  | Assignment Recording Fee: | $ | ☐ | ☐ |  |
|  | Recording Service Fee: | $ | ☐ | ☐ |  |
|  | Intangible Tax: | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |

## 1300: Additional Settlement Charges

|  |  |  | Prepaid Finance Charge | Financed By Lender | Compensation To |
|---|---|---|---|---|---|
| 1301 | Survey Fee: | $ | ☐ | ☐ |  |
| 1302 | Pest Inspection Fee: | $ | ☐ | ☐ |  |
|  | Architectural / Engineering Fee: | $ | ☐ | ☐ |  |
|  | Building Permit: | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |
|  |  | $ | ☐ | ☐ |  |

* At client's direction, this field was automatically populated with a default value that was configured by the client in its product settings.

LogicEase Solutions Inc. is a third party vendor and is unaffiliated with the party for whom this report was prepared. Preparation of this report does not constitute an endorsement by LogicEase of such party's products or services.

COPYRIGHT © 2001-2009 LOGICEASE SOLUTIONS INC. ALL RIGHTS RESERVED.

END OF REPORT