# ORDER REQUIRING JOINT STATUS REPORT

| | |
|---|---|
| Case No.: | **2:09−CV−03490−JAM−KJM** |
| Case Name: | **STEVE LINDER,** <br> V. <br> **AURORA LOAN SERVICES, LLC, ET AL.,** |

This action has been assigned to Judge John A. Mendez. Pursuant to the provisions of Fed. R. Civ. P. 16 and 26. **IT IS ORDERED THAT:**

 1. Plaintiff(s) shall complete service of process on all parties within one hundred twenty (120) days of the date of filing of the complaint.

 2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk a certificate reflecting such service;

 3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal serve upon each of the other parties named herein, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk a certificate reflecting such service;

 4. Within sixty (60) days of service of the complaint on any party, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the court a joint status report that includes the Rule 26(f) discovery plan. The status report shall address the following matters:

  a) The nature of the case;

  b) Progress in the service of process;

  c) Possible joinder of additional parties;

  d) Any expected or desired amendment of pleadings;

  e) Jurisdiction and venue;

**(CONTINUED)**

    f) Anticipated motions and the scheduling of motions;

    g) Anticipated discovery and the scheduling of discovery, including:

        (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

        (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

        (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

        (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

    h) Future proceedings, including setting appropriate cut–off dates for discovery, law and motion, and the scheduling of pretrial and trial;

    i) Appropriateness of special procedures;

    j) Estimate of trial time;

    k) Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

    l) Whether the case is related to any other case, including any matters in bankruptcy;

    m) Whether a settlement conference should be scheduled;

    n) Any other matters that may add to the just and expeditious disposition of this matter.

5. The Court, upon review of the joint status report may:

    a) Issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report; or

    b) By minute order, set a status conference to be held either by telephone or in chambers.

**(CONTINUED)**

6. In cases involving public traded companies, the parties shall request Judge Mendez's recusal list by contacting Harry Vine at (916) 930–4091. In addition, any nongovernmental corporate party to an action assigned to Judge Mendez shall file with the joint status report a statement identifying all its parent corporations and listing any publicly held company that owns 10% or more of the party's stock. A party shall supplement the statement within a reasonable time of any change in the information.

DATE:  December 18, 2009

JOHN A. MENDEZ

UNITED STATES DISTRICT JUDGE

by:  /s/ J. Suttles
　　　　　　　Deputy Clerk