IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE LINDER, | 2:09-CV-03490-JAM-KJM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| AURORA LOAN SERVICING, LLC; HOMECOMINGS FINANCIAL, LLC; ROGER O'KEEFE, individually; UNION FIDELITY MORTGAGE, INC.; and DOES 1 through 100, inclusive, | |
| Defendants. | |

This matter comes before the Court on Defendant Aurora Loan Services, LLC's, ("Defendant's") Motion to Dismiss Plaintiff Steve Linder's ("Plaintiff's") Complaint ("Complaint")for

1

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff opposes the motion.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2007, Plaintiff obtained a loan of $576,000, secured by property located at 2632 Westview Drive, Lincoln, California ("subject property").  The terms of the loan were memorialized in the promissory Note, which was secured by a Deed of Trust on the subject property. Homecomings Financial, LLC, ("Homecomings") was the lender. Defendant was the servicing company for Homecomings.

On September 9, 2009, Quality Loan Service Corp ("Quality"), acting as agent for the beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), recorded a Notice of Default and Election to Sell.  On October 21, 2009, MERS substituted Quality as the new Trustee.  On December 10, 2009, Quality recorded a Notice of Trustee's Sale of the subject property.

Plaintiff filed his Complaint in state court on November 20, 2009, alleging ten causes of action, including federal and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Additionally, the Court sanctions Defendant's attorney for failure to follow the Court's order regarding page limits (See Doc. 4). Defendant's attorney is sanctioned $150 for the Reply brief. This sanction must be paid to the Clerk of the Court, within ten days.

state claims. The Complaint was subsequently removed to this Court.

## II.  OPINION

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D.

Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Id. Here, Defendant requests judicial notice of the Deed of Trust, Notice of Default, Substitution of Trustee and Notice of Trustee Sale. (Request for Judicial Notice ("RJN"), Ex. A, B, C, D). Plaintiff does not dispute the authenticity of these documents, all of which are either matters of public record or relied on by the Complaint. Accordingly, the Court takes judicial notice as requested. The Court will also consider the attachments to Plaintiff's Complaint.

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Federal Causes of Action

I.  Violation of Truth in Lending Act, First Cause of Action

Plaintiff alleges that Defendant violated the Truth in Lending Act, ("TILA"), 15 U.S.C. §1601 et seq., and seeks

4

damages and rescission. Defendant's alleged violations include failing to provide required disclosure statements, failing to make required disclosure clearly and conspicuously in writing, failing to timely deliver to Plaintiff required notices, and failing to disclose all finance charge details.

An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. §1640(e). A TILA violation occurs on "the date of consummation of the transaction," King v. California, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226(a)(13). Accordingly, Defendant argues that the claim for damages is time barred. The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.

Here, Plaintiff consummated his loan in April 2007, but the Complaint was not filed until November 20, 2009, well over a year after the consummation of the transaction. The Complaint alleges that "[t]he misrepresentations and allegations stated herein were all discovered within the past year, such that any applicable statutes of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other

5

equitable principles." Complaint ¶ 30.  Beyond this conclusory statement, the Complaint does not contain any relevant dates or similar information to provide a basis from which to allege equitable tolling. See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's TILA claim for damages is dismissed, with prejudice.

Plaintiff also brings a claim for rescission under TILA. Plaintiff contends that as a result of Defendant's failure to provide the required disclosures, Plaintiff has a continuing right to rescind the loan under TILA. Defendant argues that Plaintiff's claim for rescission should be dismissed because Plaintiff does not allege his ability to tender the full amount of the loan.

The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Keen v. Am. Home Mortgage Serv., Inc., 2009 WL 3380454 at *4 (E.D. Cal. Oct. 21, 2009) (quoting Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003)). Additionally, the Ninth Circuit has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds, and "there is no reason why a court that may alter the

sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted. . . the court does not lack discretion to do before trial what it could do after." Garza v. Am. Home Mortgage, 2009 WL 188604 at *4 (E.D. Cal. Jan. 27, 2009) (quoting Yamamoto, 329 F.3d at 1173).

The court in Keen noted that a number of California district courts have required plaintiffs to plead facts demonstrating ability to tender the loan principal in order to withstand a 12(b)(6) motion to dismiss and proceed with a claim for rescission under TILA. Id. at *4-5 (citing Garza, 2009 WL 188604; Serrano v. Sec. Nat'l Mortgage Co., 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14, 2009); Pesayco v. World Sav. Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009).

Here, Plaintiff's claim under TILA for rescission fails because the Complaint contains no allegations that Plaintiff is able to tender the full amount of the loan, nor pleads any facts that would allow the court to make such an inference. Accordingly, Plaintiff's claim for rescission under TILA is dismissed, with prejudice.

II. Violation of Real Estate Settlement Procedures Act ("RESPA"), Fourth Cause of Action

7

Plaintiff alleges that Defendant violated RESPA, 12 U.S.C. §2605 et seq., by failing to make correct disclosure requirements, and by "engaging in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605." Complaint ¶ 67. Defendant argues that Plaintiff failed to state a claim under RESPA because the Complaint only states conclusions and bare allegations. In the Opposition, Plaintiff merely states that alleging Defendant failed to comply with disclosure requirements is sufficient to establish a violation of RESPA.

Plaintiff's broad and conclusory allegation that Defendant failed to comply with RESPA is not sufficient. Without stating specific sections that Defendant violated or any facts to support the allegation, Plaintiff has failed to plead enough facts to support a plausible claim. Accordingly, the RESPA claim is dismissed, with prejudice.

C. <u>State Law Claims</u>

I. <u>Unfair Debt Collections Act</u>

Plaintiff alleges that Defendant violated the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by "threatening to take actions not permitted by law, including...collecting on a debt not owed to the Defendant, making false reporting to credit report agencies, falsely

8

stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract and using unfair and unconscionable means in an attempt to collect a debt." Complaint ¶ 54.

The RFDCPA was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code § 1788.1.  However, based on the language of the statute, courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA.  See Cal. Civ. Code § 1788.2(e)-(f); Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863, at *3 (S.D. Cal. 2008) (stating plaintiff's mortgage debt claim did not fall within the meaning of the RFDCPA); Pittman v. Barclays Capital Real Estate, Inc., 2009 WL 1108889, at *3 (S.D. Cal. April 24, 2009) (dismissing plaintiff's mortgage-related RDFCPA claim for failing to "invoke statutory protections").

Plaintiff has failed to demonstrate that the RFDCPA applies to Defendant as the loan servicer because a residential mortgage is not a debt under RFDCPA.  All of Plaintiff's allegations arise out of or exist in connection with the residential loan mortgage.  As such, Plaintiff has not stated a plausible claim under RFDCPA. Accordingly, the claim for unfair debt collection practices is dismissed, with prejudice.

II. <u>Negligence</u>

In his negligence claim, Plaintiff contends that Defendant owed a duty to the Plaintiff to perform acts as the servicing company to the lender. Defendant claims it owes no duty to Plaintiff.

In order to state a cause of action for negligence, a plaintiff must allege: (1) the defendant has a legal duty to use due care; (2) the defendant breached such legal duty; (3) the defendant's breach was the proximate or legal cause of the resulting injury; and (4) damage to the plaintiff. <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. <u>Ky. Fried Chicken of Cal., Inc. v. Superior Court</u>, 14 Cal. 4th 814, 819 (1997); <u>Isaacs v. Huntington Mem'l Hosp.</u>, 38 Cal. 3d 112, 124 (1985). When not provided by statute, the existence of such a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. <u>Jacoves v. United Merch. Corp.</u>, 9 Cal. App. 4th 88, 105 (1992).

In the lending context, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker, no

such duty is imposed on a lender.  Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989).

Plaintiff's negligence claim against Defendant fails to establish a claim upon which relief can be granted.  Defendant is the servicing company to the lender. As the "mere lender of money," Defendant has no duty towards Plaintiff.  As such, without the required existence of a duty, Plaintiff has no claim for negligence against Defendant.  Accordingly, the negligence claim is dismissed, with prejudice.

III.  Breach of Fiduciary Duty

Plaintiff alleges that Defendant "owed a fiduciary duty to the Plaintiff to act primarily for his benefit...and owed Plaintiff a duty of loyalty and a duty to deal fairly with him at all times." Complaint ¶¶ 75-76. Plaintiff alleges this duty was breached by placing Plaintiff in a loan with unfavorable terms that he could not ultimately afford, by not disclosing the negative consequences of the loan, and by not complying with TILA and RESPA.  Complaint ¶ 77.

"The elements of a cause of action for breach of fiduciary duty are: 1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."  Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008).  "A fiduciary duty . . . can arise when confidence is reposed by persons in the

integrity of others, and if the latter voluntarily accepts or assumes to accept the confidence, he or she may not act so as to take advantage of the other's interest without that person's knowledge or consent." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101-02 (1991). As explained above, a financial institution, acting as a mere lender of money, owes no duty of care to a borrower. Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).

Plaintiff's breach of fiduciary duty allegations against Defendant fail to establish a claim upon which relief can be granted. As stated above, as the servicer of the loan, Defendant holds no fiduciary duty towards Plaintiff. Without the required existence of a fiduciary relationship, there can be no claim for relief against Defendant. Accordingly, the breach of fiduciary duty claim is dismissed, with prejudice.

IV. Fraud

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of the mind of a person may be averred generally." Fed. R. Civ. P. 9(b). A claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

Plaintiff has not alleged fraud with the required particularity to state a plausible claim for relief. Plaintiff alleges that Defendant increased Plaintiff's income on the loan application without Plaintiff's knowledge or permission so that Plaintiff was forced into an unfavorable and unaffordable loan. Aside from this factual allegation, Plaintiff alleges that Defendant's "material misrepresentations were false" and Plaintiff relied on Defendant's false material representations. Complaint ¶¶ 85, 87. These vague legal conclusions and minimal facts are insufficient. Accordingly, the fraud claim is dismissed, with prejudice.

V.   Violation of Bus. & Prof. Code § 17200, et seq.

The California Business & Professions Code § 17200 prohibits unfair competition including any "unlawful, unfair or

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." This statute has a "broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" Hauk v. JPMorgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). While the statute is broad in scope, a plaintiff must still plead his claim so as to establish a violation of the "other law" or unfair practice in question. See Constantini v. Wachovia Mortg. FSB, 2009 WL 1810122 at *3 (E.D. Cal. June 24, 2009) (citing Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1169-70 (2002)).

Here, Plaintiff alleges unfair competition based on the allegations in the Complaint of Defendant's wrongful acts. As mentioned above, Plaintiff has failed to state a claim for any of these causes of action upon which the wrongful acts are based. Accordingly, Plaintiff's cause of action for unfair business practices is dismissed, with prejudice.

VI. Breach of Contract

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the

contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." <u>CDF Firefighters v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiff alleges the contract was breached when Defendant failed to exercise due diligence resulting in Plaintiff entering a loan not in his best interest, failed to submit an accurate loan application, failed to supervise, failed to provide loan documents prior to closing, and failed to explain the loan documents to Plaintiff.

However, despite these allegations, Plaintiff never alleges where in his mortgage loan contract, or any contract, these promises were explicitly memorialized.  A breach of contract claim rests upon the actual terms of the contract, but Plaintiff fails to allege any breach of the express provisions of the loan agreement.  Consequently, Plaintiff's claim for breach of contract fails and this cause of action is dismissed, with prejudice.

VII.   <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by failing to provide disclosures, misstating Plaintiff's income on the loan application, forcing Plaintiff into a loan that was not in the

15

best interest of Defendant, and failing to comply with applicable laws.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Fortaleza v. PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624 **15-16 (N.D. Cal. July 27, 2009).

Here, Plaintiff cannot establish a plausible claim for relief because Plaintiff and Defendant did not have any contractual relationship, which Plaintiff admits in the Opposition. Further, with respect to Plaintiff's argument that successor liability exists, this argument fails because although Plaintiff recites law from a California case, Plaintiff does not support the argument with facts from the instant case. Thus, without the existence of a contract, Plaintiff cannot state a claim for relief against Defendant. Accordingly, Plaintiff's cause of action for breach of implied covenant of good faith and fair dealing is dismissed, with prejudice.

VIII. Injunctive Relief

"It is appropriate to deny an injunction where there is no showing of reasonable probability of success, even though the foreclosure will create irreparable harm, because there is no

justification in delaying that harm where, although irreparable, it is also inevitable." Jessen v. Keystone Savings & Loan Ass'n., 142 Cal. App. 3d 454, 459 (1983). Plaintiff has not shown a reasonable probability of success on the merits. Additionally, although foreclosure will create irreparable harm, foreclosure is inevitable because Plaintiff has not repaid the loan nor alleged his ability to repay the loan. Accordingly, Plaintiff's claim for injunctive relief is dismissed, with prejudice.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED, With Prejudice.

IT IS SO ORDERED.

DATED: April 14, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE